No. 19,070.

JERRY CLYDE SMITH *v.* PEOPLE OF THE STATE OF COLORADO.

(351 P. [2d] 457)

Decided May 2, 1960.

Mr. H. TED RUBIN, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John F. Brauer, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

We shall refer to plaintiff in error as defendant, the position he occupied in the trial court where with one Keenan he was jointly charged with the murder of Clifford Gurley. A severance was granted and upon trial a verdict of guilty of second degree murder was returned against defendant. He was sentenced to a term in the state penitentiary and seeks review here by writ of error. Defendant assigns as error the denial of his motion for a directed verdict on the ground that the evidence was insufficient to make out a case against him.

Briefly stated the facts are as follows: On the way home from an evening of beer drinking, Smith and the deceased, Gurley, became involved in argument while riding in the back seat of one Brunick's car. Smith asked Brunick to stop the car, he alighted and then with Gurley went to the back of the car where he hit Gurley a few times and knocked him down once. Smith and Gurley then returned to the car; shortly thereafter Gurley was let off at his home, and Smith at his home. There Smith met Keenan and accompanied the latter in Keenan's car to the home of one Charles Swartz, with whom Keenan planned to straighten out a problem. On the way to the Swartz home when the Keenan car stopped for a stop sign, Gurley entered Keenan's car and Smith slapped him two or three times. When Swartz later entered the front seat of the car, Smith held his neck from behind. Smith, who was sitting in the back seat with Gurley, subsequently told Keenan that Gurley was choking him. Keenan stopped the car, opened the

left rear door and Gurley kicked at him. Keenan grabbed Gurley's feet, pulled him out and then proceeded to beat him. Throughout this attack on Gurley by Keenan, Smith remained in the car holding on to Swartz. Keenan laid Gurley in the ditch, returned to the car and drove away. A short time later they returned and Smith put Gurley in the car and they drove to the night Marshal's office. Gurley was subsequently declared dead.

Medical evidence indicated that Gurley had been beaten beyond recognition; that he had died of a basal skull fracture; that the thyroid cartilege of the neck had been broken; that the middle of one eye was level across with his other eyebrow. Other evidence of a severe beating was noted.

Defendant was seventeen years of age when this occurred, and on the fatal night had engaged in a drinking bout with others including Gurley in Wray, Colorado. They there drank a considerable quantity of liquor, then drove to Haigler, Nebraska, where more intoxicants were consumed and it was on the return trip from Haigler to Wray the events above recited took place.

It is manifest from the record that after defendant had the first altercation with Gurley at the rear of Brunick's automobile, both Gurley and defendant re-entered the car without difficulty and that no further trouble ensued between them, except that thereafter while in Keenan's car defendant slapped Gurley's face. Why Gurley, who had been left at his own home, walked some distance and entered the automobile driven by Keenan in which defendant was then riding, does not appear.

Gurley was forty years of age and in apparent good health. The evidence discloses that he died of a basal skull fracture. The medical testimony discloses that Gurley had been beaten almost beyond recognition; his right ear was lacerated with blood and spinal fluid oozing out of the ear; his nose was "pulped up" and broken; the thyroid cartilage had been broken; the entire

face was beaten to such an extent that one couldn't see the eyes unless they were pried open.

It is contended that the evidence fails to show that defendant willfully and with malice aforethought did kill and murder Gurley.

■ Implied malice as distinguished from express malice is an essential element of murder in the second degree. *Ingles v. People,* 92 Colo. 518, 22 P. (2d) 1109.

■ ▬Generally malice is implied only when the homicide is committed by the use of a deadly weapon or instrument in such a manner that death would probably result. *McAndrews v. People,* 71 Colo. 542, 208 Pac. 486. Ordinarily hands or fists are not classed as deadly weapons since they are not means likely to produce death unless used in such a manner and under such circumstances as are reasonably calculated to produce death. 26 A.J. 361, *State v. Cobe,* 90 Utah 89, 60 P. (2d) 952; *People v. Crenshaw,* 298 Ill. 412, 131 N.E. 576; *People v. Munn,* 65 Cal. 211, 3 Pac. 650.

■ It is manifest from the record that only slight injury was inflicted by defendant on Gurley as a result of the first altercation and that the severe beating administered by Keenan resulted in Gurley's death. The record is barren of any evidence tending to show that Keenan and defendant had an express or tacit understanding to injure Gurley through a common unlawful purpose, and it is clear that defendant was not an accessory to the acts of Keenan.

■ The Attorney General contends that the facts show that defendant had an "abandoned and malignant heart" and quotes the statute to show that malice on the part of defendant may be implied. Plainly the "abandoned and malignant heart" of the statute applies to the assaulter, in this case Keenan, the individual who struck the fatal blow, and not to Smith who remained in the automobile and took no part in the assault on Gurley.

The most that can be said is that defendant was guilty of an assault and battery on Gurley based on the original

altercation. None of the elements necessary to charge him with responsibility for Keenan's assault, or to convict him of murder appear in the record.

The judgment and sentence imposed are reversed and the trial court directed to sustain the motion for a directed verdict and to discharge the defendant.