GEORGE D. SINGLETON, Appellant, v.
STATE OF NEVADA, Respondent.

No. 6313

February 10, 1971 482 P.2d 288

*Robert G. Legakes,* Public Defender, and *Robert Archie,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, of Carson City, *Roy A. Woofter,* District Attorney, and *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

54

**OPINION**

By the Court, THOMPSON, J.:

The appellant stands convicted of robbery. He contends that the record does not show probable cause for his arrest with the consequence that all evidence seized at the time of arrest is tainted and should have been suppressed.

At 4:55 a.m. an officer on patrol received a radio report of an armed robbery at Frank's Bar on Tropicana Boulevard. The suspects were described as two Negro male adults in their twenties, one wearing tan pants and the other gray pants. Shortly thereafter the officer observed a car proceeding rapidly on a natural escape route from the location of the robbery. That car failed to stop as required at a controlled intersection, and the officer pursued, with overhead emergency lights on. At first the officer did not believe that the driver of the car was going to obey, but within about ten seconds he pulled his car over to the side of the road and stopped. The officer observed three Negro male adults in the car. The officer exited from his patrol car with shotgun in hand and ordered the occupants out of their car. The officer then noticed that one of them was wearing tan pants and another one gray pants. At this moment a backup officer arrived and observed a gun and other items in plain sight in the car. Singleton and his companions were then placed under arrest.

It is apparent that the officer had probable cause to stop the car and detain its occupants for inquiry and investigation. Robertson v. State, 84 Nev. 559, 562, 445 P.2d 352 (1968); Harper v. State, 84 Nev. 233, 244, 440 P.2d 893 (1968). It is equally apparent that when the officer saw that two of the occupants were dressed as the robbers had been reported dressed, he had probable cause to arrest them for robbery. Nootenboom v. State, 82 Nev. 329, 336, 418 P.2d 490 (1966).

Affirmed.

ZENOFF, C. J., BATJER, MOWBRAY, and GUNDERSON, JJ., concur.