### No. 24973

**The People of the State of Colorado v.
Terry R. Hannaman and Dennis L. Wick**

(507 P.2d 466)

Decided March 12, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, William R. Gray, Deputy, David R. Torke, Attorney for defendant-appellant Dennis L. Wick, Randolph M. Karsh, Attorney for defendant-appellant Terry R. Hannaman.

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendants were tried jointly and convicted of robbery, 1967 Perm. Supp., C.R.S. 1963, 40-5-1, and conspiracy to commit robbery, C.R.S. 1963, 40-7-35. They base the appeal of their conviction on two grounds: (1) the police did not comply with Crim. P. 41.1 when they took defendants' fingerprints, and (2) the People's evidence was not sufficient to warrant presenting it to the jury.

Shortly after midnight on February 17, 1970, a motel-beauty shop-liquor store complex in Boulder, Colorado was robbed. As tenants in the motel who had had possible

access to part of the robbery scene, defendants were asked by the police to give comparison fingerprints. The defendants willingly agreed to do so. These fingerprints and a voice identification by the victim comprised the primary evidence against the defendants at trial.

■ Contrary to defendants' contention, we need not concern ourselves with the investigatory procedures of Crim. P. 41.1 because the defendants voluntarily submitted to fingerprinting, thereby waiving their Fourth Amendment protections under the United States Constitution, *cf. Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

■ Defendants further argue that the evidence was insufficient as being equally consistent with a theory of innocence as with one of guilt. We find no support for such an argument in the record.

Defendant Hannaman's print was found on the *inside* of the beauty shop door where it was broken into to enter the victim's apartment. Defendant Wick's print was taken from an envelope normally kept *in* a desk drawer in the victim's bedroom, but found by the police among the rifled papers strewn about the bedroom during the robbery. Though the defendants theorize that their prints could have been made at a time other than during the commission of the crime, they did not testify, nor did they present other testimony to buttress this theory.

Under the circumstances, we find the evidence sufficient, *cf. Hervey v. People,* 178 Colo. 38, 495 P.2d 204 (1972).

The judgment is affirmed.