JAMES ARNOLD CARR, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12311

JAMES ARNOLD CARR, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12406

December 30, 1980                    620 P.2d 869

*Morgan D. Harris,* Public Defender, Clark County, in No. 12311, *Walter K. Norwood,* Las Vegas, in No. 12406, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

This is a consolidation of two cases: in each, a jury convicted James Arnold Carr of burglary. NRS 205.060. After each conviction, in separate hearings, appellant was adjudged an habitual criminal and sentenced to concurrent life sentences in the Nevada State Penitentiary with possibility of parole. NRS 207.010.

Appellant asserts the following identical errors in both cases: (1) probable cause did not exist to arrest him, and, therefore, a fingerprint exemplar should have been suppressed; (2) fingerprint evidence without any corroboration is insufficient to support appellant's conviction; (3) appellant was improperly adjudged an habitual criminal. Appellant further asserts that in No. 12311 the trial court gave an improper "Allen" instruction, and in No. 12406 improper jury instructions were given.

### THE FACTS

Appellant was arrested on February 20, 1979, by Las Vegas Metropolitan Police Officers Reusch and Keltner who were responding to a reported burglary. A fingerprint exemplar taken at appellant's booking connected him to the two burglaries for which he was convicted. After each conviction, and in a separate proceeding, appellant was adjudged an habitual criminal; the identical three priors were used in each proceeding.

### THE PROBABLE CAUSE TO ARREST

Stopped three to four blocks from the reported burglary on February 20, 1979, and in an area where twenty daytime burglaries had occurred since January of the same year, appellant matched detailed descriptions known to Officer Reusch which had been given previously by a burglary victim and a burglary witness: a light colored black man, five foot seven to five foot eight, one hundred and fifty pounds, medium build and in his twenties; appellant fit the above description down to a hairy mole on his face. Cranford v. State, 95 Nev. 471, 596 P.2d 489 (1979); Washington v. State, 94 Nev. 181, 576 P.2d 1126 (1978); Singleton v. State, 87 Nev. 53, 482 P.2d 288 (1971); Nootenboom v. State, 82 Nev. 329, 418 P.2d 490 (1966); Whitley v. State, 79 Nev. 406, 386 P.2d 93 (1963). Admission of the fingerprint exemplar was, therefore, proper. Davis v.

Mississippi, 394 U.S. 721 (1969); People v. Flores, 524 P.2d 353 (Cal. 1974). The issue of probable cause having been fully litigated in No. 12311, and appellant having offered no new facts justifying a second determination in front of the same judge in No. 12406, his contention of a denial of due process is without merit.

## THE FINGERPRINT EVIDENCE

In each case, appellant's fingerprint was found on an article in the burgled house. He asserts that unless the fingerprint was found at a point of entry, corroborating evidence is necessary to support a conviction. This court has never so held. When fingerprints of the defendant are found where the crime was committed, and circumstances rule out the possibility that they might have been imprinted at a different time than when the crime occurred, a conviction is warranted. Harvey v. People, 495 P.2d 204 (Colo. 1972). Fingerprints are "the strongest evidence of identity, and . . . ordinarily sufficient alone to identify the defendant." Reed v. State, 95 Nev. 190, 194, 591 P.2d 274, 276 (1979), *quoting* People v. Gardner, 457 P.2d 575, 579 (Cal. 1969). The evidence at trial showed that the appellant's fingerprints were found on objects inside the homes of the victims. Since the fingerprints alone are sufficient to identify appellant, the trial court was not required to instruct the jury that fingerprint evidence must be accompanied by corroborating evidence.

## ADJUDICATION AS AN HABITUAL CRIMINAL

Appellant asserts the state must prove beyond a reasonable doubt that each prior conviction used to enhance a sentence did not arise out of the same act or occurrence. Under NRS 207.010, the state must prove beyond a reasonable doubt: (1) the identity of the person; and (2) the conviction of prior felonies. Howard v. State, 83 Nev. 53, 422 P.2d 548 (1967); Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966). Nothing in the record suggests appellant was improperly adjudged an habitual criminal. Furthermore, in accord with the majority rule, this state requires that all prior convictions used to enhance a sentence must have preceded the primary offense. NRS 207.010. However, our statute does not require that the convictions and commissions of prior offenses occur in any particular sequence.

Appellant also suggests that the same prior convictions may not be used twice to adjudicate one as an habitual criminal claiming such use constitutes double jeopardy. NRS 207.010 however does not recharge a defendant with a substantive crime; it merely allows an averment of a fact that goes to punishment. Hollander v. State, *supra*. Use of the same convictions does not violate the legislative intent behind NRS 207.010. *See* Wingo v. Ringo, 408 S.W.2d 469 (Ky. 1966).

## THE "ALLEN" INSTRUCTION

Appellant claims the giving of the "Allen" charge constituted reversible error. An "Allen" charge is appropriate as long as it stresses that each juror must conscientiously adhere to his own honest opinion. Basurto v. State, 86 Nev. 567, 472 P.2d 339 (1970). We have previously held that the "Allen" charge may be given either as an initial instruction or as a supplemental one. Redeford v. State, 93 Nev. 649, 651 n.1, 572 P.2d 219, 219–220 n.1 (1977); Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972). The trial judge did not improperly instruct the jury by reading the charge as an initial instruction.

For the above reasons we affirm.

GUNDERSON, MANOUKIAN, and BATJER, JJ., and FONDI, D. J.,[1] concur.

---

[1]The Governor commissioned The Honorable Michael E. Fondi, District Judge, to sit in this case in place of JUSTICE GORDON THOMPSON. Nev. Const. art. 6, § 4.