STEVEN L. BROWN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11224

March 19, 1981                                    624 P.2d 1005

[Rehearing denied May 6, 1981]

*Paul C. Giese,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

On May 2, 1977, appellant Steven L. Brown, while an inmate at the Nevada State Prison, threw a rock at a prison guard. The guard was struck on the side of the head and suffered serious injury.

Brown was charged with attempted murder, battery upon an officer, battery with a deadly weapon, and mayhem on September 13, 1977.[1] On May 23, 1978, Brown pled guilty to battery on a police officer causing substantial bodily harm. Respondent agreed to dismiss the remaining charges, reserving the right to argue Brown's status as an habitual criminal. His sentencing hearing was held on July 5, 1978. At that time he was adjudicated an habitual criminal and sentenced to life with the possibility of parole.

On this appeal, Brown alleges that the trial court, at the sentencing hearing, denied him effective assistance of counsel; and committed error when it used prior convictions more than once, used a conviction that occurred subsequent to the primary offense, and used a conviction from a case on appeal to enhance his sentence.

Appellant's claim of error in the use of his conviction for carrying a concealed weapon to enhance the sentence for his present conviction is well taken. The carrying of a concealed weapon occurred on October 30, 1976, but the conviction was not entered until October 3, 1977. The present offense occurred on May 2, 1977. All prior convictions used to enhance a sentence must have preceded the primary offense. Carr v. State, 96 Nev. 936, 620 P.2d 869 (1980).

Because appellant's sentence must be vacated and the case remanded for resentencing, we need not address any of his other contentions.

The sentence imposed in this case is vacated and the case is remanded to the district court for resentencing in conformity with the law.

---

[1]The information filed November 22, 1977, included a fifth count alleging the habitual criminal status of the defendant.