Rose, J.,
dissenting:
For the reasons discussed below, I would reverse the judgment of conviction based on insufficiency of the evidence to support the jury verdict, and I would reverse the district court’s denial of Geiger’s motion for a mistrial.
First, I disagree with the majority’s reaffirmation of the standard for fingerprint-only cases set forth in Carr v. State, 96 Nev. 936, 620 P.2d 869 (1980). In that case, this court held that “[wjhen fingerprints of the defendant are found where the crime was committed, and circumstances rule out the possibility that they might have been imprinted at a different time than when the crime occurred, a conviction is warranted.” Carr v. State, 96 Nev. 936, 939, 620 P.2d 869, 871 (1980) (citing Hervey v. People, 495 P.2d 204 (Colo. 1972)). The language in Carr is troublesome because it does not clearly identify who has the burden of proving “circumstances” that would rule out the possibility of the fingerprint having been imprinted at some earlier time. Worse, Carr appears to improperly shift to the defendant the burden of proving that his or her fingerprints could have been imprinted at some other time than when the crime occurred; the reason being that the state is unlikely to present evidence of circumstances where the defendant, on some other occasion than the time of the crime, could have possibly imprinted his or her fingerprints on objects found at the crime scene. It is the defendant who is more likely to present such evidence. Further, notwithstanding where the burden of proof lies, the standard set forth in Carr is vague and does not clearly identify what type of circumstances rule out the possibility that the fingerprints may have been imprinted at a different time and how such circumstances can be demonstrated.
I believe that a review of the legal standard set forth by the Ninth Circuit Court of Appeals for fingerprint-only cases is illuminating. I find the Ninth Circuit standard and the reasoning supporting it persuasive. In Mikes v. Borg, 947 F.2d 353 (9th Cir. 1991), cert. denied, 505 U.S. 1229 (1992), the court articulated the standard as follows:
*944 We have held that fingerprint evidence alone may under certain circumstances support a conviction. However, in fingerprint-only cases in which the prosecution’s theory is based on the premise that the defendant handled certain objects while committing the crime in question, the record must contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at that time and not at some earlier date. In order to meet this standard the prosecution must present evidence sufficient to permit the jury to conclude that the objects on which the fingerprints appear were inaccessible to the defendant prior to the time of the commission of the crime.
Id. at 356-57 (citations omitted). This standard clearly places the burden of proof on the prosecution to show that the object was inaccessible to the defendant prior to the commission of the crime, and therefore the fingerprints must have been impressed at the time of the crime. In Mikes, the court further stated:
Under our judicial system, the defendant has no duty to explain the presence of his fingerprints. Likewise, he is under no obligation to illuminate any inferences from the fingerprint evidence that are consistent with his innocence. To put it more directly, the defendant need not explain how or when his fingerprints were placed on the object in question; that burden lies elsewhere.
Id. at 359 (citation omitted).
I would adopt the standard in Mikes as the standard applicable to cases where fingerprint evidence is the only evidence of guilt. Further, I believe that clarification of the standard set forth in Carr is necessary, and would overrule that standard to the extent it places the burden of proof on the accused and is inconsistent with the standard in Mikes.
In applying the Mikes standard to the instant case, the record contains insufficient evidence that Geiger’s fingerprint was impressed at the time of the crime and not at some earlier date. The fingerprint was found on a screen located on the outside of Ellis’ house and the date of its impression was not determined. The record contains no evidence of whether the fingerprint was located on the inside or outside of the screen, whether the screen had been accessible to the public at some time before the crime occurred, whether the screen had been recently purchased, or whether the screen had been recently washed. Further, the state presented no evidence that the window screen was unavailable to Geiger before the crime occurred.
Moreover, there was no evidence placing Geiger at the scene of the crime and Geiger’s fingerprints were not found anywhere *945 inside the house. Geiger’s fingerprints were also not found on any items which appeared to be touched by the burglar such as the purse and wallets, the window, or the lock box removed from the house. The only evidence presented by the state which linked Geiger to the crime was testimony by one expert witness that a fingerprint obtained from the outside screen of a window matched Geiger’s fingerprint and testimony by the victim that she did not know Geiger and that he had never been to her home for any purpose. The state presented no hard evidence placing Geiger inside the house.
In a similar case, the District of Columbia Circuit reversed a defendant’s conviction when the defendant’s fingerprints were found on jars located within the victim’s home and from which valuable coins had been stolen, and the prosecution introduced evidence which placed the defendant within a mile and a half of the victim’s home at the approximate time of the crime. Borum v. United States, 380 F.2d 595 (D.C. Cir. 1967). The court concluded that the prosecution presented no evidence that the jars were inaccessible to the defendant prior to the date of the crime and that the defendant had touched the jars during the commission of the crime. Id. at 596. The court eloquently stated, “to allow this conviction to stand would be to hold that anyone who touches anything which is found later at the scene of a crime may be convicted, provided he was within a mile and a half of the scene when the crime may have been committed.” Id. at 597. The instant case is even more troubling. Whereas Borum contemplates reversing a conviction if fingerprints are found and the state places the defendant in the area of the crime when the crime was committed, the state in this case presented no evidence placing Geiger anywhere near the scene of the crime.
Under the federal standard, the state clearly did not meet its burden of proving that Geiger touched the screen during the commission of the crime and not at some prior date. Accordingly, because the record contains insufficient evidence of guilt, I would reverse Geiger’s conviction.
Regarding the district court clerk’s inadvertent reference in the presence of the jury to Geiger’s prior conviction, I conclude that the district court’s denial of Geiger’s motion for a mistrial constituted a clear showing of abuse of discretion and should be reversed.
Although I agree that the factors in Allen v. State, 99 Nev. 485, 665 P.2d 238 (1983), are applicable to the instant case, I believe that the majority has misweighed these factors. Specifically, the district court clerk’s reference to Geiger’s prior conviction in the presence of the jury was clearly and enduringly prejudicial. *946 Although it is unclear from the record whether the clerk stated, “after having been previously convicted of. . .’’or “after having been previously convicted of Burglary in 1989,” to be fair to Geiger, I must assume that the clerk stated the word “burglary.” Because Geiger was being tried for the crime of burglary, the reference to Geiger’s prior burglary conviction was clearly prejudicial. Moreover, although the district court admonished the jury to disregard the language about the previous conviction, such admonition may have brought greater attention to the prior conviction.
Further, the evidence of guilt in this case was far from convincing. As I have concluded, the evidence was insufficient to support the jury’s verdict. Considering the scant evidence presented by the state, I cannot conclude beyond a reasonable doubt that the reference to Geiger’s prior conviction did not affect the jury’s verdict. See Courtney v. State, 104 Nev. 267, 756 P.2d 1182 (1988). The inadvertent reference was so prejudicial to Geiger that it could not be neutralized by an admonition to the jury. Therefore, a mistrial was warranted and the district court abused its discretion in denying Geiger’s motion for a mistrial.
For the reasons stated, I respectfully dissent.