An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALONZO BROOKS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61268

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of invasion of the home and burglary. Eighth Judicial District Court, Clark County; David B. Barker, Judge. Appellant makes five claims on appeal.

First, appellant argues that the district court erred in permitting appellant's witness to testify at trial in prison clothing. We have held that requiring an incarcerated witness to testify in prison clothing may contaminate the fact-finding process and that, absent unusual circumstances, district courts should not compel incarcerated witnesses to appear in distinct prison attire. *Hightower v. State*, 123 Nev. 55, 59, 154 P.3d 639, 642 (2007). The burden to make a timely request for a witness to testify in civilian clothing is on the defendant, and the failure to do so is deemed a waiver of the right. *Id.*

At the conclusion of the State's case-in-chief, after the district court made a record that appellant had not asked for his witness to testify in civilian clothing, appellant requested that his witness testify in civilian clothing. He did not have alternative clothing to provide the witness. After observing the witness in his prison attire, the district court noted that the blue jumpsuit was content-neutral, and counsel for appellant

agreed. Accordingly, appellant waived his request and had no objection to the witness testifying in his prison clothing, and we review for plain error. *See Leonard v. State*, 117 Nev. 53, 63, 17 P.3d 397, 403-04 (2001). We discern no plain error by the district court in allowing the witness to testify in prison clothing as counsel for appellant agreed that it was content-neutral and appellant cannot demonstrate prejudice resulting from the witness testifying in content-neutral clothing. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (outlining the three considerations for plain error review and placing the burden on the defendant to show actual prejudice or miscarriage of justice).

Second, appellant claims that the district court erred by allowing the State to elicit testimony regarding appellant's actions during the one-on-one identification and subsequent arrest, arguing that such evidence was inadmissible as an uncharged bad act and that the district court should have conducted a hearing outside the presence of the jury pursuant to the requirements of *Petrocelli v. State,* 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985), *modified on other grounds by Sonner v. State*, 114 Nev. 321, 326-27, 955 P.2d 673, 677 (1998). The district court's decision to admit or exclude evidence is reviewed for an abuse of discretion and is not to be reversed absent clear error. *Braunstein v. State*, 118 Nev. 68, 72, 40 P.3d 413, 416 (2002). We conclude that there was no error in allowing testimony that appellant attempted to flee the officers' presence immediately after he had been identified by an eyewitness and that he struggled against the officers' attempts to place him under arrest as it was admitted and used to show consciousness of guilt, it was proven by clear and convincing evidence, and its probative value was not substantially outweighed by the danger of unfair prejudice. *See Rhymes v. State,* 121

Nev. 17, 22, 107 P.3d 1278, 1281 (2005) (providing that failure to hold *Petrocelli* hearing is harmless where record sufficient to determine the admissibility of the uncharged acts); *Tinch v. State*, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997) (providing that evidence of uncharged acts are admissible if relevant, proven by clear and convincing evidence, and probative value not outweighed by prejudicial effect), *as modified by Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012); *see also Bellon v. State*, 121 Nev. 436, 443-44, 117 Nev. P.3d 176, 180 (2005) (providing that evidence of uncharged acts admissible to show consciousness of guilt).

Appellant further argues that the district court erred by failing to give a limiting instruction on the use of the uncharged bad act evidence. If prior bad act evidence is to be admitted, "the trial court should give the jury a specific instruction explaining the purposes for which the evidence is admitted immediately prior to its admission and should give a general instruction at the end of trial." *Tavares v. State*, 117 Nev. 725, 733, 30 P.3d 1128, 1133 (2001), *modified by Mclellan v. State*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008). However, "we consider the failure to give such a limiting instruction to be harmless if the error did not have a substantial and injurious effect or influence the jury's verdict." *Rhymes*, 121 Nev. at 24, 107 P.3d at 1282. Here, the district court failed to give a limiting instruction before admitting the prior bad act evidence and at the end of trial. However, in light of the evidence against appellant, we conclude that the failure to give a limiting instruction did not have a "substantial and injurious effect or influence the jury's verdict." *Id.*

Third, appellant contends that the evidence presented at trial was insufficient to support the jury's findings of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979), *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The jury heard testimony from the owner of the residence that when he left his home, the kitchen window was not broken and the house was not in disarray but that when he returned later, his kitchen window was broken, drawers had been emptied, and the house looked as if it had been ransacked. Furthermore, the owner testified that he did not know appellant nor did appellant have permission to enter his home. A neighbor testified that she saw an individual attempt to gain entry into the residence through a side window then move to the back of the house. That neighbor identified appellant at a one-on-one show-up on the same day of the incident and indicated she was absolutely positive of the identification. A witness on the street saw an individual exit the residence and identified appellant as that individual from a photo lineup. A sweatshirt was found in the vicinity of the residence with appellant's DNA and matched the description given by numerous witnesses of the perpetrator's clothing. Lastly, the jury heard testimony from an officer who, after chasing the individual exiting the residence, was 90 percent positive that the individual was appellant.

The jury could reasonably infer from the evidence presented that appellant committed the crimes of home invasion and burglary. *See* NRS 205.067(1); NRS 205.060(1). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict

will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Fourth, appellant claims that the district court abused its discretion in sentencing appellant as a habitual criminal because of the staleness and non-violent nature of his previous convictions. The district court has broad discretion to dismiss a count of habitual criminality. *See* NRS 207.010(2); *O'Neill v. State*, 123 Nev. 9, 12, 153 P.3d 38, 40 (2007). Our review of the record reveals that the district court understood its sentencing authority and considered the appropriate factors prior to making its determination not to dismiss the count. *See Hughes v. State*, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000) ("Nevada law requires a sentencing court to exercise its discretion and weigh the appropriate factors for and against the habitual criminal statute before adjudicating a person as a habitual criminal."); *see also Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) ("NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions."). We conclude that the district court did not abuse its discretion by adjudicating appellant as a habitual criminal.[1]

---

[1]To the extent that appellant argues that he was doubly punished for his prior convictions as he was previously adjudicated a habitual criminal, we have rejected a similar claim, *see Carr v. State*, 96 Nev. 936, 940, 620 P.2d 869, 871 (1980) (concluding that twice adjudicating defendant habitual criminal based on same prior convictions does not violate double jeopardy principles), and conclude this claim is without merit.

Fifth, appellant argues that cumulative error warrants reversal of his convictions. This court will not reverse a conviction based on cumulative error unless a defendant's constitutional right to a fair trial was violated as a result. *Rose v. State*, 123 Nev. 194, 211, 163 P.3d 408, 419 (2007). In examining whether cumulative error warrants reversal, this court considers: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Id.* (internal quotations omitted). While the crimes charged are of a serious nature, we conclude that the State presented ample evidence of appellant's guilt and any error that may have occurred in this case was insignificant. Therefore, we reject appellant's cumulative error claim.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. David B. Barker, District Judge
      Jonathan E. MacArthur
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk