An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMIE ALLEN CUNNINGHAM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65297

**FILED**

JUL 2 2 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order of the district court denying a motion to modify sentence.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

On November 16, 1995, the district court convicted appellant, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. The district court sentenced appellant to serve a term of life without the possibility of parole in the Nevada State Prison pursuant to the large habitual criminal enhancement.

On February 10, 2014, appellant filed a proper person motion for sentence modification in the district court. In his motion, appellant claimed that he did not have the requisite three felonies to qualify for the large habitual criminal enhancement. Specifically, he claimed that his three Nevada convictions post-dated the date of the murder, and therefore, he should not have been sentenced under the large habitual criminal

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23811

enhancement due to a mistake about his criminal record. The district court summarily denied the motion. Based upon our review of the record on appeal, we conclude the district court erred in denying the motion.

A motion to modify a sentence "is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment." *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). A motion to modify a sentence that raises issues outside the very narrow scope of issues permissible may be summarily denied. *Id.* at 708-09 n.2, 918 P.2d at 325 n.2.

To be sentenced under NRS 207.010(1)(b), the large habitual criminal statute, a defendant must have three qualifying prior felonies. And "[a]ll prior convictions used to enhance a sentence must have preceded the primary offense." *Brown v. State*, 97 Nev. 101, 102, 624 P.2d 1005, 1006 (1981). Here, the murder that appellant was convicted of occurred in August of 1992, but the three Nevada convictions used to enhance his sentence occurred in November of 1992 and January of 1993. Because the three Nevada felonies occurred after the murder, it was improper to use those in enhancing appellant's sentence pursuant to the large habitual criminal statute.

The State argued below that appellant also had three valid convictions from Texas and that those were sufficient to impose the large habitual criminal enhancement.[2] However, this argument was flawed because the sentencing court found that only two of the convictions from

---

[2]The State also argued that this motion was subject to the equitable doctrine of laches. We disagree. This court has held that "time constraints and procedural defaults necessarily do not apply." *Edwards*, 112 Nev. at 708, 918 P.2d at 324.

Texas were valid and that the third conviction was not presented with sufficient identifiers to tie appellant to that conviction. Thus, only two valid prior convictions were presented at sentencing. Therefore, the sentencing court relied on mistaken assumptions about appellant's criminal record when it determined that appellant was eligible for large habitual criminal treatment. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Jerome T. Tao, District Judge
Jamie Allen Cunningham
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein.