JORGE ABREGO, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 36425

January 24, 2002                                    38 P.3d 868

---

*Steven G. McGuire,* State Public Defender, and *Harriet E. Cummings,* Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *David G. Allison,* District Attorney, and *Conrad Hafen,* Chief Deputy District Attorney, Humboldt County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Jorge Abrego was convicted of three counts of sale of a controlled substance within 1,000 feet of a school. The alleged sales took place at Abrego's home which was located near an elementary school in Winnemucca, Nevada. As a result, Abrego's sentence was enhanced pursuant to NRS 453.3345[1] for selling drugs within 1,000 feet of a school.

---

[1]NRS 453.3345 states, in pertinent part:

    1. . . . [A]ny person who violates NRS 453.321, 453.322 or 453.323:

    . . . .

    (c) Within 1,000 feet of the perimeter of such a school ground or campus, playground, park, pool, recreational center or arcade; or

The central issue of Abrego's appeal is whether the district court erred by not allowing the jury to determine the applicability of the sentencing enhancement in light of the United States Supreme Court opinion, *Apprendi v. New Jersey*.[2]

We conclude that *Apprendi* applies to enhancements pursuant to NRS 453.3345, but that Abrego affirmatively waived his right to have a jury decide the enhancement. As none of Abrego's assignments of error warrant relief, we affirm the judgment of conviction and sentence imposed by the district court.

## FACTS

Nevada Division of Investigation (NDI) investigator Michael Buxton testified that he set up three controlled purchases of methamphetamine from Abrego using a confidential informant. Buxton testified that the informant was searched prior to each "buy" to ensure that the informant had no drugs in his possession, fitted with an electronic listening device, and given money with recorded serial numbers. In addition, the informant's car was searched prior to each buy. Buxton then followed the informant to Abrego's residence and took photos from a schoolyard located approximately 196 feet from Abrego's home. Buxton indicated that he watched as the informant entered and exited Abrego's residence, listened via electronic wire to conversations with Abrego, and followed the informant back to the NDI offices. Once at the NDI office, the informant turned over the methamphetamine purchased from Abrego. Over the course of three buys, the informant purchased approximately five and one-half grams of methamphetamine for $550.00.

As a result of the recorded buys, NDI obtained a search warrant for, and executed a search of, Abrego's residence. The search elicited, among other items, plastic baggies containing methamphetamine. Thereafter, Abrego was arrested for three counts of sale of a controlled substance and one count of possession of a controlled substance for the purpose of sale.

At trial, prior to jury selection, Abrego filed a motion in limine regarding whether facts relative to the sentence enhancement should be decided by the court or the jury. Abrego's counsel

---

(d) Within 1,000 feet of a school bus stop from 1 hour before school begins until 1 hour after school ends during scheduled school days,

must be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for the crime. The sentence prescribed by this section runs consecutively with the sentence prescribed by statute for the crime.

[2]530 U.S. 466 (2000). Abrego also raised two other issues on appeal: the admissibility of photographs depicting the area of the sales, and the alleged failure of the police to serve him with a copy of a search warrant. We have considered these issues and conclude that they are without merit.

urged the court to determine the facts to support the enhancement rather than submit the issue to the jury. Abrego was concerned about the prejudicial effect of allowing the jury to hear evidence that the sales took place within 1,000 feet of an elementary school. The prosecution opposed the motion stating that this was a matter to be determined by the jury.

In light of Abrego's affirmative request to remove the issue from the jury, the district court found that the introduction of evidence to support the enhancement would be more prejudicial than probative and granted the motion. After the jury convicted Abrego of the sale of controlled substance counts, the district court held a hearing on the issue of the distance between the place where the sales took place and any school. Based upon the evidence elicited at the hearing, as well as the trial testimony, the district court determined that the sales took place within 1,000 feet of a school.

Following trial, the jury returned verdicts of guilty on the three counts of sale of a controlled substance and one count of simple possession of a controlled substance.

Abrego was thereafter sentenced to 12 to 48 months in prison, with an additional 12- to 48-month enhancement for being within 1,000 feet of a school on each of the sales counts, to be served consecutively. In addition, Abrego was sentenced to a concurrent term of imprisonment of 12 to 30 months for the possession of a controlled substance count. Abrego timely appealed.

## DISCUSSION

Abrego contends that the rule regarding the right to a jury determination on sentencing enhancements set forth in *Apprendi* applies to his convictions. *Apprendi* was decided by the United States Supreme Court before Abrego's appeal was filed with this court. We therefore conclude that the rule in *Apprendi* applies to Abrego.[3]

In *Apprendi,* the United States Supreme Court held that a criminal defendant's constitutional rights are violated when his prescribed statutory maximum penalties are increased by any fact, other than a prior conviction, that a jury does not find beyond a reasonable doubt.[4] Thus, under *Apprendi,* any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.[5]

The facts of *Apprendi* are as follows. Apprendi pleaded guilty to two counts of second-degree possession of a firearm for an

---

[3]*Powell v. Nevada,* 511 U.S. 79 (1994).

[4]*Apprendi,* 530 U.S. at 490.

[5]*Id.*

unlawful purpose and one count of third-degree possession of an antipersonnel bomb.[6] The State reserved the right to request the imposition of a higher sentence, pursuant to state statute, on the ground that the offense was committed with a racially-biased purpose.[7] The statute specified that a judge would determine the applicability of the enhancement. After an evidentiary hearing, the trial judge ruled that Apprendi's actions were motivated by racial bias and applied the hate crime enhancement.[8]

The Supreme Court struck down the State sentencing provision in a 5-4 opinion. The majority reasoned that the provision violated the Due Process Clause because it removed from the jury's consideration a fact that increased the defendant's sentence. The Court considered, as a narrow issue, whether Apprendi had a constitutional right to have a jury find racial bias beyond a reasonable doubt.

The *Apprendi* Court concluded:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in [*Jones*]: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."[9]

The Court reasoned that because the statute allows an examination into the defendant's state of mind, it is an essential element of the crime because it is a *mens rea* factor. The Court stated, "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?"[10] The Court recognized that an exception to its holding applies when the fact that increases the statutory maximum is a defendant's prior conviction.[11]

In a case similar to Abrego's, the Ninth Circuit applied *Apprendi* in *United States v. Nordby.*[12] In *Nordby,* the district court

---

[6]*Id.* at 469.

[7]*Id.* at 470.

[8]*Id.* at 471.

[9]*Id.* at 490 (quoting *Jones v. United States,* 526 U.S. 227, 252-53 (1999) (Stevens, J., concurring)).

[10]*Id.* at 494.

[11]*See Almendarez-Torres v. United States,* 523 U.S. 224, 243-44 (1998).

[12]225 F.3d 1053, 1058 (9th Cir. 2000).

found by a preponderance of the evidence that the defendant was responsible for 1,000 or more marijuana plants and, therefore, imposed a statutory minimum sentence of ten years in prison pursuant to 21 U.S.C. § 841(b)(1)(A)(vii).

The court in *Nordby* found the application of *Apprendi* straightforward and held that the district court erred by sentencing Nordby to the term of imprisonment without submitting the question of marijuana quantity to the jury and without a finding that the marijuana quantity had been proven beyond a reasonable doubt.[13] Thereafter, the Ninth Circuit engaged in plain error review due to the fact that Nordby did *not* contest the evidence of drug quantity before the district court and, as a part of such review, assessed whether the error affected Nordby's substantial rights.[14] In doing so, the court decided that Nordby was prejudiced by the failure to submit the issue of drug quantity to the jury.[15]

The court noted that, although it was uncontested that over 2,000 marijuana plants were found on Nordby's land, Nordby consistently maintained that he was not responsible for growing the plants or for conspiring to do so at the time charged in the indictment.[16] In making this determination, the court's review encompassed the "whole record."[17] Because Nordby "contested the omitted element and raised evidence sufficient to support a contrary finding," the court concluded that Nordby demonstrated more than a reasonable doubt that he was responsible for possessing or manufacturing 2,000 or more marijuana plants during the time charged and therefore was prejudiced by the error.[18]

Finally, the court concluded that the *Apprendi* error in Nordby's case seriously affected the "fairness, integrity, or public reputa-

---

[13]*Id.* at 1059; *see also U.S. v. Vazquez,* 271 F.3d 93 (3d Cir. 2001). In *Vazquez,* the Third Circuit Court of Appeals concluded that an *Apprendi* violation occurs when the judge, rather than the jury, determines drug quantity and where the defendant is sentenced in excess of the prescribed statutory maximum for the crime charged. The *Vazquez* court noted that the following courts of appeal have similarly applied *Apprendi* to cases involving conspiracy to possess and distribute more than 5 kilos of cocaine in violation of 21 U.S.C. §§ 841 and 846: *U.S. v. Hishaw,* 235 F.3d 565, 574-75 (10th Cir. 2000), *cert. denied,* 121 S. Ct. 2254 (2001); *U.S. v. Doggett,* 230 F.3d 160, 164 (5th Cir. 2000), *cert. denied,* 531 U.S. 1177 (2001); *U.S. v. Rogers,* 228 F.3d 1318, 1327 (11th Cir. 2000); and *U.S. v. Rebmann,* 226 F.3d 521, 524-25 (6th Cir. 2000). *Vazquez,* 271 F.3d at 99.

[14]*Nordby,* 225 F.3d at 1060.

[15]*Id.*

[16]*Id.*

[17]*Id.* at 1061 n.6 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 681 (1986)).

[18]*Id.* at 1061.

tion of judicial proceedings.''[19] Therefore, the court vacated Nordby's sentence.

In this case, Abrego contends that the district court committed reversible constitutional error by determining the sentence enhancement, rather than submitting the issue to the jury. Abrego argues that *Apprendi* requires that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. Abrego asserts that this court must follow *Apprendi* and apply it retroactively under the Supremacy Clause and related legal precedent. In addition, Abrego argues that the application of the sentence enhancement was not harmless because such an argument ignores the central importance of the Sixth Amendment right to a jury trial guaranteed by our system of justice.

We agree with Abrego and follow the precedent set forth in *Apprendi* that any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. However, we conclude that Abrego's failure to present any evidence to dispute that his residence was not within 1,000 feet of the schoolyard together with his *specific* request that the district court, not the jury, determine the distance of Abrego's residence from the schoolyard constitutes a waiver of Abrego's rights under *Apprendi*. At the hearing on the motion in limine, the following arguments were made to the district court.

> **Mr. Kjeldsen** (for Abrego): I think [the factual finding] is a matter to be determined by the judge and I'll submit it on that basis.
>
> . . . .
>
> I submit that [the factual finding] should be for the court because I think it is substantially more prejudicial than probative.
>
> . . . .
>
> **Mr. Hafen** (for the prosecution): Your Honor, the problem that we have though is I think I ought to be able to ask my witnesses what residence this occurred at and it's going to come out that it happened at 215 Fifth Street. So I think the jury will make the connection.
>
> . . . .
>
> **Mr. Kjeldsen**: I don't believe we do, Your Honor. I feel this is a matter of enhancement and strictly for the court. Because anytime you say it is within so far from a school that

---

[19]*Id.* at 1060.

is just going to arouse the passions and prejudices of the jurors.

. . . .

**Mr. Hafen**: Well, Your Honor, I guess our position is that the jury is the factfinder and ought to make the determination.

Therefore, while we conclude that an *Apprendi* violation occurred in Abrego's trial and sentencing, we also conclude that Abrego affirmatively waived his protections under *Apprendi* and cannot now complain of the violation.

## CONCLUSION

Because we conclude that Abrego's assignments of error do not warrant relief, we affirm his judgment of conviction and sentence.