An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SALVADOR RICO-RIVAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65050

FILED

JUN 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and in violation of a temporary protective order against domestic violence. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant Salvador Rico-Rivas argues first that the district court abused its discretion in excluding extrinsic evidence of the deceased victim's violent character where he claimed that he acted in self-defense. At trial, the district court rejected Rico-Rivas's request to call the lead detective to testify about a police report containing allegations of a battery committed by the victim against another woman. Rico-Rivas contends that he had the right to present evidence of the battery because he was claiming self-defense and had knowledge of the victim's prior violent act.

We conclude that the district court did not abuse its discretion in excluding testimony by the detective about the contents of the police report. *See Daniel v. State*, 119 Nev. 498, 516, 78 P.3d 890, 902 (2003) ("[T]he admission of evidence of a victim's specific acts, regardless of its source, is within the sound and reasonable discretion of the trial court."). While we have held that a defendant who claims self-defense and had knowledge about specific acts of violence by the victim may present

15-17727

extrinsic evidence of those acts to prove state of mind, *see id.* at 515-16, 78 P.3d at 902, we never held that the admissibility of such extrinsic evidence is unrestricted, *see id.* at 516, 78 P.3d at 902. Here, the detective was not competent to testify about the substance of the police report because he had no personal knowledge of the incident and was not being called as an expert, *see* NRS 50.025(1), and the police report itself was inadmissible hearsay as it consisted of out-of-court statements made by witnesses to police about the battery, *see* NRS 51.035; NRS 51.065(1). Rico-Rivas wrongly contends that the police report was admissible as a public record under NRS 51.155, as the police report did not contain "factual findings resulting from an investigation" and the circumstances of the police report indicate a lack of trustworthiness, given that the victim was never arrested or prosecuted for battery. *See* NRS 51.155. To the extent that Rico-Rivas argues that the district court prevented him from presenting any evidence that the victim had committed battery, this argument is belied by the record. Rico-Rivas was allowed to cross-examine a State witness about her personal knowledge that the victim "beat-up another gal because she was jealous."

Second, Rico-Rivas contends that the district court abused its discretion in admitting evidence of prior bad acts. We disagree. Rico-Rivas first challenges the admission of evidence of a temporary protective order (TPO) obtained by the victim against him and argues that the TPO was relevant only as to his sentence and should not have been admitted at trial. Rico-Rivas's argument is incorrect. Rico-Rivas was charged with murder in violation of a TPO against domestic violence. NRS 193.166 provides for an additional penalty when a felony is committed in violation of a TPO. In order for this additional penalty to apply to Rico-Rivas, a

jury must find beyond a reasonable doubt that the murder was committed in violation of a TPO. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Abrego v. State*, 118 Nev. 54, 60, 38 P.3d 868, 871 (2002); NRS 193.166(1), (5). Therefore, the district court did not abuse its discretion in admitting evidence of the TPO at trial.

Next, Rico-Rivas challenges testimony by a State witness about the victim's fear of Rico-Rivas. Defense counsel did not object to or move to strike this testimony at trial and thus we review this challenge for plain error. *See Cordova v. State*, 116 Nev. 664, 666, 6 P.3d 481, 482 (2000). The prosecutor asked a State witness about her conversation with Rico-Rivas regarding conflict resolution, and the State witness responded, "Marisol [the victim] had expressed that she was afraid of --." The prosecutor interrupted her and asked her not to testify about the victim's statements. Given that the improper testimony was brief and not solicited by the prosecutor, we conclude that the district court did not commit plain error in failing to sua sponte strike this testimony. *See Richmond v. State*, 118 Nev. 924, 935, 59 P.3d 1249, 1256 (2002).

Rico-Rivas also challenges testimony about his gang affiliation and prior arrest. This testimony was elicited by defense counsel on cross-examination and counsel made no objection or request for a limiting instruction at trial. Because defense counsel invited the error, Rico-Rivas cannot now challenge the testimony on appeal. *See Rhyne v. State*, 118 Nev. 1, 9, 38 P.3d 163, 168 (2002). To the extent that he complains about the gang-affiliation testimony elicited on redirect examination, he failed to make any objection to this testimony at trial, and we discern no plain error in the admission of this testimony.

Third, Rico-Rivas argues that the district court erred in rejecting his proposed instruction on the proportional use of self-defense and finding that *Runion v. State*, 116 Nev. 1041, 1051-52, 13 P.3d 52, 59 (2000), mandates "stock" instructions in self-defense cases. We review the settling of jury instructions for an abuse of discretion but review de novo whether a jury instruction accurately states the law. *Funderburk v. State*, 125 Nev. 260, 263, 212 P.3d 337, 339 (2009). In general, "the defense has the right to have the jury instructed on a theory of the case as disclosed by the evidence, no matter how weak or incredible that evidence may be." *Runion*, 116 Nev. at 1050, 13 P.3d at 58.

Rico-Rivas proposed the following instruction: "Where the original aggressor is not guilty of a deadly attack, but of a simple assault or trespass, the victim has no right to use deadly or other excessive force. If the victim uses such force, the aggressor's right of self-defense arises." Contrary to Rico-Rivas's assertion, the district court did not reject this proposed instruction under the belief that the *Runion* stock instructions were mandatory; rather, the district court found that the proposed instruction did not correctly state the law and was substantially covered by other jury instructions. Rico-Rivas's proposed instruction was an incomplete and incorrect statement of the law because it failed to account for the original aggressor's duty to retreat, *see Culverson v. State*, 106 Nev. 484, 489, 797 P.2d 238, 241 (1990), and to "decline any further struggle," NRS 200.200(2). Further, the instruction as to when the victim could use force to protect herself was an incorrect statement of the law. Thus, the district court did not abuse its discretion in rejecting Rico-Rivas's proposed instruction.

Finally, Rico-Rivas argues that the cumulative effect of errors denied him a fair trial. As we have found no error, there is nothing to cumulate.

Having considered Rico-Rivas's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Jerome Polaha, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk