# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY TYRONE BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67745

FILED

FEB 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with the use of a deadly weapon and robbery. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Anthony Tyrone Brown argues that the district court erred in instructing the jury that a knife is a "deadly weapon" for the purpose of a sentencing enhancement under NRS 193.165. He contends that not all knives are deadly weapons as a matter of law, and the determination as to whether the knife used in this case was a deadly weapon should have been left to the jury. Because Brown failed to object to the district court's deadly weapon instruction at trial, we review the instruction for plain error affecting his substantial rights. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003).

At trial, the jury was instructed on the meaning of a "deadly weapon" as follows:

> "Deadly weapon" means any instrument which, if used in the ordinary manner contemplated by its design and construction, will or is likely to cause substantial bodily harm or death; any weapon, device, instrument, material or substance which, under the circumstances in which it is used,

16-04683

attempted to be used or threatened to be used, is readily capable of causing substantial bodily harm or death.

A knife is a deadly weapon.

While the first sentence of this instruction mirrors the "deadly weapon" definitions provided in NRS 193.165(6), the last sentence erroneously informs the jury that a knife is a deadly weapon as a matter of law. Neither the deadly weapon enhancement statute, nor the statutes referenced therein, describes knives in general as deadly weapons. *See* NRS 193.165(6); NRS 202.265; NRS 202.320; NRS 202.350. Accordingly, we conclude that this instruction is an incorrect statement of law.

We further conclude that this instruction erroneously removed from the jury's consideration the factual issue of whether the knife constituted a deadly weapon. The United States Supreme Court has held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *accord Abrego v. State*, 118 Nev. 54, 60, 38 P.3d 868, 871 (2002) (applying *Apprendi* to a sentencing enhancement). Because the use of a deadly weapon is a required factual finding for the deadly weapon enhancement to the robbery charge, *see* NRS 193.165(1), the determination as to whether the knife was a deadly weapon should have been submitted to the jury.[1] We conclude that it was plain error for the

---

[1]Our cases allowing this issue to be decided by the district court as a matter of law pre-date *Apprendi*. *See Steese v. State*, 114 Nev. 479, 499, 960 P.2d 321, 334 (1998); *Thomas v. State*, 114 Nev. 1127, 1146, 967 P.2d

*continued on next page . . .*

district court to instruct the jury that a "knife" is a "deadly weapon" as a matter of law. We further conclude that this error affected Brown's substantial rights, as it is not clear that the knife—a Leatherman multi-tool with a two-inch-long folding blade—meets the definition of a "deadly weapon" under NRS 193.165(1). We therefore reverse the deadly weapon enhancement and remand this case for a new trial on the deadly weapon issue alone.

Brown also contends that the district court erred in improperly instructing the jury on the "use" of a deadly weapon. The jury was instructed that: "In order to 'use' a deadly weapon, there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of the deadly weapon in aiding the commission of the crime." Brown argues that the district court should have additionally instructed the jury, in accordance with *Buschauer v. State*, 106 Nev. 890, 895, 804 P.2d 1046, 1049 (1990), that in order to use a deadly weapon in the commission of a crime, the weapon "must be used in conscious furtherance of a criminal objective." Brown did not request this instruction or object to its omission. We conclude that he has failed to demonstrate that the district court's failure to provide this instruction sua sponte was patently prejudicial, *see Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996), or was plain error affecting his substantial rights, *Tavares v. State*, 117 Nev. 725, 729, 30 P.3d 1128, 1130-31 (2001).

---

*. . . continued*
1111, 1124 (1998); *Zgombic v. State*, 106 Nev. 571, 577, 798 P.2d 548, 551-52 (1990).

Brown next argues that the State committed misconduct during closing arguments. Specifically, Brown contends that the State (1) shifted the burden of proof by commenting on the lack of evidence of store policies; (2) belittled the defense's theory of self-defense by stating that it blamed the victims; (3) shifted the burden of proof by commenting on the lack of evidence supporting the defense's contention that Brown did not enter the store with the intent to steal; and (4) improperly appealed to community standards. Brown did not object below to any of these alleged instances of prosecutorial misconduct, and we conclude that he fails to demonstrate plain error affecting his substantial rights.

Finally, Brown contends that cumulative error warrants a new trial. Because we have found only one error, there is nothing to cumulate. Accordingly, for the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Elissa F. Cadish, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

