140 Nev., Advance Opinion 72

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLIFTON DWAYNE DAWSON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 85773<br><br>**FILED**<br><br>NOV 21 2024<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |



Appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.

*Vacated in part and remanded.*

Nancy Lemcke, Public Defender, and Jessica W. Murphy and David E. Lopez-Negrete, Chief Deputy Public Defenders, Clark County, for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan E. VanBoskerck, Chief Deputy District Attorney, Clark County, for Respondent.

Cofer & Geller, LLC, and Warren Geller, Las Vegas, for Amicus Curiae Nevada Attorneys for Criminal Justice.

_____

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

24-44382

*OPINION*

By the Court, STIGLICH, J.:

In this appeal, appellant argues that any enhancement to his sentence based on his habitual criminal status must be applied according to the version of the enhancement statute in effect at the time of sentencing, but we conclude that the operative statute when applying a habitual criminal enhancement is the one in effect when the defendant committed the charged offense. We also reiterate that prior convictions used to determine habitual criminal status must predate the charged offense. Because appellant committed the charged offense in early 1997, we conclude the 1995 version of the habitual criminal statute applies. The district court thus applied the correct version of the habitual criminal statute at sentencing. Even so, we conclude the district court erred by adjudicating appellant as a habitual criminal because the State did not prove the requisite number of prior convictions. Accordingly, we vacate appellant's sentence and remand for a new sentencing hearing.[1]

## FACTS AND PROCEDURAL HISTORY

On January 18, 1997, C.V. was sexually assaulted. She was approached by a man holding a knife while she was waiting at a bus stop. The man held the knife to her throat and walked her to a vacant lot, where he sexually assaulted her. Afterward, the perpetrator dumped out C.V.'s

---

[1]In an unpublished order filed along with this opinion, we rejected Dawson's claims related to jury selection, evidentiary rulings, the jury trial, and the guilty verdict. *Dawson v. State*, No. 85773, 2024 WL _____ (Nev. Nov. 21, 2024) (Order Affirming in Part). Thus, only the challenges to Dawson's sentence are addressed in this opinion.

(O) 1947A

purse and walked away. C.V. underwent a sexual assault examination, but no suspect was identified, and no charges were filed.

More than 20 years later, appellant Clifton Dawson's DNA was matched to DNA in C.V.'s sexual assault examination kit. Dawson was charged with one count of sexual assault and, in 2022, was found guilty following a six-day jury trial. At sentencing, the State sought an enhancement through a habitual criminal adjudication. The district court decided that the operative habitual criminal statute was the statute in effect when Dawson sexually assaulted C.V. That statute required three prior felony convictions for a large habitual criminal adjudication. The district court found three qualifying convictions and therefore adjudicated Dawson as a habitual criminal, sentencing him to life in prison without the possibility of parole.

## DISCUSSION

Dawson raises two challenges to the habitual criminal adjudication. First, he argues that the district court applied the wrong version of the statute. Second, he argues that the district court erred even if it applied the correct statute. We address each argument in turn.

*The habitual criminal statute at the time of commission applies*

Dawson argues that the district court erroneously applied the version of the habitual criminal statute in effect when the offense was committed and that the operative statute is the one in effect at the time of sentencing. We disagree.

"Statutory interpretation is a question of law subject to de novo review." *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017) (internal quotation marks omitted). We have held "that unless the Legislature clearly expresses its intent to apply a law retroactively,

 

Nevada law requires the application of the law in effect at the time of the commission of a crime." *State v. Second Jud. Dist. Ct. (Pullin)*, 124 Nev. 564, 567, 188 P.3d 1079, 1081 (2008). "It is well established that under Nevada law, the proper penalty is the penalty in effect at the time of the commission of the offense and not the penalty in effect at the time of sentencing." *Id.*

There are differences between the version of NRS 207.010(1)(b) in effect when Dawson sexually assaulted C.V. in 1997 and the one in effect when Dawson was sentenced in 2022. The former required three prior felony convictions and provided for sentences of life in prison without the possibility of parole, life in prison with the possibility of parole after 10 years, or a definite term of 25 years in prison with the possibility of parole after 10 years. 1995 Nev. Stat., ch. 630, § 26, at 2394-95; NRS 207.010(1)(b) (1995). The latter requires seven prior convictions but provides for the same sentencing options. 2019 Nev. Stat., ch. 633, § 86, at 4441; NRS 207.010(1)(b) (2019).

In the 2019 amendment to NRS 207.010, the Legislature provided an effective date but did not express a clear intent to apply the amendment retroactively. 2019 Nev. Stat., ch. 633, § 137(2), at 4488. Looking to the legislative history, we observe that legislators explicitly discussed the issue and expressed that the statute should not apply retroactively. During a meeting of the Assembly Judiciary Committee where the bill underlying the most recent amendment was discussed, Assemblyperson Sarah Peters asked whether the statute would apply retroactively. *Hearing on A.B. 236 Before the Assemb. Judiciary Comm.*, 80th Leg., at 20 (Nev., Mar. 8, 2019). Assemblyperson Steve Yeager responded, "Generally speaking, it would not be retroactive." *Id.* Similarly,

 

Holly Welborn, Policy Director at the American Civil Liberties Union of Nevada, mentioned that what they viewed as a shortcoming of the bill was "that it does not apply retroactively." *Id.* at 27. In light of both the silence on retroactivity in the legislation and the legislative history, we conclude that the 2019 amendments to NRS 207.010 do not apply retroactively. Accordingly, we hold that the operative statute for habitual criminal adjudication is the one in effect when the charged crime was committed, not the one in effect at the time of sentencing. We therefore conclude that the district court applied the correct version of the statute.

*The district court erred at sentencing by adjudicating Dawson as a habitual criminal*

Dawson argues that the district court erred in applying NRS 207.010(1)(b) (1995) and adjudicating him as a habitual criminal because only two of the prior convictions listed in the State's notice were entered before the commission of the instant offense. Dawson did not object on this ground below. Thus, we review for plain error.

"Before this court will correct a forfeited error, an appellant must demonstrate that: (1) there was an error; (2) the error is plain, meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (internal quotation marks omitted). "[P]lain error affects a defendant's substantial rights when it causes actual prejudice or a miscarriage of justice (defined as a 'grossly unfair' outcome)." *Id.* at 51, 412 P.3d at 49 (citing *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008), and *Miscarriage of Justice, Black's Law Dictionary* (10th ed. 2014)).

As noted, the relevant version of the habitual criminal statute requires three prior felony convictions.[2] NRS 207.010(1)(b) (1995). "[A]ll prior convictions used to enhance a sentence must have preceded the primary offense." *Carr v. State*, 96 Nev. 936, 939, 620 P.2d 869, 871 (1980).

Before trial, the State filed a notice of intent to seek punishment as a habitual criminal. Four felony convictions were identified in the notice. The notice included a 2005 conviction for larceny from the person, a 1997 conviction for robbery with use of a deadly weapon, a 1994 conviction for escape in New Mexico, and a 1975 conviction for two counts of assault with intent to commit rape in New Mexico. The district court decided the State's notice included three qualifying convictions.

We conclude that the district court plainly erred by finding three qualifying prior convictions. The offense charged here occurred on January 18, 1997. The State's notice of intent identified four convictions occurring "on or about" 2005, 1997, 1994, and 1975. The 1994 and 1975 convictions predate the charged offense and could support the habitual criminal adjudication. The 2005 conviction does not predate the offense and thus could not be considered. As for the 1997 conviction, the State identified it as occurring in the same year as the charged offense in its sentencing memorandum. It did not prove, however, that the 1997 conviction predated the charged offense. Therefore, the 1997 conviction also should not have been considered. Because the district court considered either the 1997 or

---

[2]Dawson and the State mention the 1997 version of the habitual criminal statute in their briefing. The 1997 version of the statute took effect on October 1, 1997, months after the offense was committed. 1997 Nev. Stat., ch. 314, §§ 8, 23(1), at 1184, 1193. Therefore, the 1997 version does not apply to Dawson.

2005 conviction in determining that the State had established three prior felony convictions, we conclude that the district court plainly erred by adjudicating Dawson under the large habitual criminal statute. We also conclude that Dawson's substantial rights were affected, as it was grossly unfair to adjudicate him as a habitual criminal when the State did not prove the required number of prior convictions. We note that "on or about" language may be useful and provide sufficient notice; however, we emphasize that the State must ultimately prove that the prior noticed convictions predate the charged offense. Accordingly, we vacate Dawson's sentence and remand for a new sentencing hearing.

Erlinger *does not merit relief*

While this appeal was pending, the United States Supreme Court issued *Erlinger v. United States*, 602 U.S. 821 (2024), which considered whether a jury had to find that prior offenses were committed on separate occasions for purposes of the federal Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Under the ACCA, a recidivist defendant faces a longer potential sentence if he or she has been convicted three times for violent felonies or serious drug crimes "committed on occasions different from one another." *Erlinger*, 602 U.S. at 834 (quoting ACCA, § 924(e)(1)). *Erlinger* "decide[d] no more than" the proposition that a defendant "was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Id.* at 835.

We ordered supplemental briefing to address whether *Erlinger* affected the disposition here. After reviewing the briefs filed by both sides, we conclude that it does not. *Erlinger* stressed that it was not revisiting *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which permitted a judge to find "the fact of a prior conviction," that is, "what crime, with

what elements, the defendant was convicted of." *Erlinger*, 602 U.S. at 838 (internal quotation marks omitted); *see Abrego v. State*, 118 Nev. 54, 58 & n.11, 38 P.3d 868, 870 & n.11 (2002) (citing *Almendarez-Torres* for the proposition that the fact of a prior conviction that increases the maximum statutory sentence need not be found by a jury). The relevant habitual criminal statute requires a judge to find the fact of three prior felony convictions. NRS 207.010(1)(b) (1995). This does not fall within *Erlinger*'s narrow scope. Instead, consistent with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and previous Nevada cases, this amounts to a permissible finding of "the fact of a prior conviction." *Id.* at 490; *e.g.*, *McNamara v. State*, 132 Nev. 606, 616, 377 P.3d 106, 113-14 (2016); *Abrego*, 118 Nev. at 58, 38 P.3d at 870. Therefore, the district court judge on remand may find the fact of a particular number of previous felony convictions without consigning that determination to a jury.

## *CONCLUSION*

In accordance with Nevada precedent, we hold that when adjudicating a defendant as a habitual criminal, the operative statute is the one in effect when the charged crime was committed. In addition, to adjudicate an individual as a habitual criminal, we emphasize that the State must prove the requisite number of prior convictions. We reiterate that the prior convictions used for habitual criminal adjudication purposes must predate the charged offense. The district court correctly applied the version of the habitual criminal statute in effect when the charged offense was committed, which required three prior convictions. The district court plainly erred, however, by adjudicating Dawson as a habitual criminal under that statute when the State only proved that two of the prior convictions identified in the notice of intent were entered before the charged

offense. Accordingly, we vacate Dawson's sentence and remand for a new sentencing hearing.

_____ , J.
Stiglich

We concur:

_____ , J.
Pickering

_____ , J.
Parraguirre