ROBERT LYNN STICKNEY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 9109

May 23, 1977                                   564 P.2d 604

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Stickney stands convicted of robbery and rape. He asks that we void the judgments and sentences entered upon jury verdicts because of vague references, during trial, to his other unrelated criminal activity.

Two such references were made by his main alibi witness called in defense. During cross-examination by the prosecutor

she made reference to Stickney being "in jail for something else." Shortly thereafter she stated that Stickney "was picked up in New York to go to jail." The prosecutor did not solicit such comments. The court excused the jury and admonished the witness to refrain from such references. Defense counsel elected not to have the jury admonished. In these circumstances we do not perceive prejudicial error. Allen v. State, 91 Nev. 78, 530 P.2d 1195 (1975).

A third reference, this time by a rebuttal witness for the State, was that the witness had no discussions with Stickney "because I never saw Mr. Stickney after that, only during his arson trial in Wellsburg. . . ." An arson trial had not occurred. The jury was so advised and admonished to disregard the reference. The defense motion for a mistrial was denied. We are not willing to presume that the jury failed to follow the court's admonition.

Our review of the record reveals an abundance of evidence to support Stickney's guilt of the crimes charged, although denied by Stickney himself. The inadvertent references to other possible criminal activity were blurted out by the mentioned witnesses and did not, in our view, affect a substantial right of the accused. NRS 47.040.

Affirmed.