SEAN OLIVER COURTNEY, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 17941

June 24, 1988                    756 P.2d 1182

*Michael A. Cherry,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,*
District Attorney, *Timothy Randolph,* Deputy District Attorney,
and *Larry G. Sage,* Deputy District Attorney, Washoe County,
for Respondent.

## OPINION

*Per Curiam:*

On October 6, 1985, appellant Sean Oliver Courtney was
observed playing one particular slot machine in Fitzgerald's
Hotel and Casino, in Reno, in a suspicious way. He would cover
the window of the slot machine with a newspaper when he pulled
the handle. A few days later, after the machine was moved,
Courtney was observed playing the machine the same way at the
new location. Casino personnel observed that some of the reels
remained stationary when Courtney pulled the slot machine's
handle, and said he pulled the handle "excessively hard."
Courtney was arrested and charged with cheating at gambling by
"racheting" or "handle popping."

The jury in Courtney's trial was inadvertently exposed to a notation on the back of an exhibit listing Courtney's name, address, and other personal data, and the following: "8/12/78, consp. [conspiracy] to cheat at gaming, (2), cheat at gambling, (2)." The exhibit was admitted to show that Courtney had given a false name when he was first detained by casino security personnel. The prosecutor and defense attorney had both examined the exhibit without noticing the notation on the back. The jury discovered the note during its deliberations and asked the court whether it should be considered. The court struck the notation and admonished the jury to disregard it.

The note concerned Courtney's prior conviction of cheating at gambling. The court recognized that the jury could consider it as such, and attempted to undo the damage by explaining that the note referred to accusations or charges against Courtney, not convictions.

In our view, however, the damage could not be undone. We have previously explained that "[i]t is without question that, absent special conditions of admissibility, reference to past criminal history is reversible error." Porter v. State, 94 Nev. 142, 149, 576 P.2d 275, 279 (1978) (citing Walker v. Fogliani, 83 Nev. 154, 425 P.2d 794 (1967)); Marshall v. United States, 360 U.S. 310 (1959). The reference need not be explicit, it is enough that "a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." Manning v. Warden, 99 Nev. 82, 86, 659 P.2d 847, 850 (1983) (quoting Commonwealth v. Allen, 292 A.2d 373, 375 (Pa. 1972)). NRS 48.045(2) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Even considering the trial court's explanation that the note referred to previous charges, not convictions, it is impossible to discount an inference by the jurors that Courtney was a cheat. Such an inference is a violation of due process because it affects the presumption of innocence. *See Manning,* 99 Nev. at 87, 659 P.2d at 850.

The statute which forms the primary basis of the charges against Courtney offered the jury little guidance in evaluating the evidence in this case. That statute, NRS 465.015, defines "[c]heat" as "to alter the selection of criteria which determine: (a) The result of a game; or (b) The amount or frequency of payment in a game." Casino personnel did not observe Courtney manipulate the slot machine handle in the way usually associated with "racheting" or "handle popping."

Under the statute, the evidence against Courtney required the jury to exercise a relatively large amount of deduction and judgment. *Cf.* Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977)

(defendant was observed pulling slot machine handle irregularly and "walking" the reels). Thus, it seems likely that the jury's knowledge or inference of Courtney's past cheating affected its deliberations and verdict.

We cannot find, beyond a reasonable doubt, that the note concerning Courtney's prior conviction for cheating had no effect on the jury. *Manning,* 99 Nev. at 87-88, 659 P.2d at 850; Chapman v. California, 386 U.S. 18, 24 (1967). Therefore, the jury's exposure to the note concerning Courtney's prior conviction was not harmless error. Accordingly, the district court's judgment is reversed and Courtney's conviction is vacated.