BRUCE ALLEN RICE, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 21150

January 24, 1992                              824 P.2d 281

*Morgan D. Harris,* Public Defender and *Patrick E. McDonald,*
Deputy, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex
Bell,* District Attorney and *James Tufteland,* Deputy, Clark
County, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction upon jury verdict of one count of possession of stolen property. NRS 205.275(1). The district court adjudicated appellant a habitual criminal. Accordingly, appellant was sentenced to fifteen years in the Nevada State Prison.

Appellant first contends that the district court violated his due process rights by denying his motion for a mistrial after two state's witnesses made references to the department of parole and probation, in violation of a motion in limine. The test for determining whether a statement is a reference to criminal history is whether the jury could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. Manning v. Warden, 99 Nev. 82, 659 P.2d 847 (1983). Because it affects the presumption of innocence, a reference to criminal history, absent special conditions of admissibility, is a violation of due process. *Id.;* Courtney v. State, 104 Nev. 267, 756 P.2d 1182 (1988). Although a reasonable juror could conclude from the references at issue that appellant had engaged in prior criminal activity, we conclude that the error was harmless beyond a reasonable doubt. *See* Chapman v. California, 386 U.S. 18 (1967). The statements were unsolicited, the references were inadvertent, and defense counsel declined the judge's offer to give the jury a limiting instruction. Under these circumstances, the error was not prejudicial. *Cf.* Stickney v. State, 93 Nev. 285, 564 P.2d 604 (1977).

Appellant next contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. Specifically, appellant contends that it was logically inconsistent for the jury to acquit him of the grand larceny charge and to convict him for possessing the same property as stolen. Furthermore, appellant denies having the requisite intent.

Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* Wilkins v. State, 96 Nev.

367, 609 P.2d 309 (1980). To begin, we note that there is no inherent illogic in the jury's verdict. The fact that the jury did not convict appellant of grand larceny does not necessarily mean that the jury concluded that the property was not stolen, but rather that the jury was not convinced beyond a reasonable doubt that it was appellant who stole it. As the jury was correctly instructed, an accused may not be convicted of both larceny and possession of stolen property. Point v. State, 102 Nev. 143, 146-47, 717 P.2d 38, 40-41 (1986).

Moreover, the record reveals sufficient evidence to support the jury's verdict. There is no question that appellant possessed the property. The jury could have concluded that he possessed it for his own gain because he admitted to having sold some of the items. The jury could have also concluded that he possessed it to prevent the victim from again possessing it because he moved it without telling her. In addition, as noted above, the jury could have concluded that someone else stole the goods, but that appellant knew or should have known that they were stolen. *See* NRS 205.275(1).

The jury could reasonably infer from the evidence presented that appellant possessed stolen property. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981). Accordingly, we affirm the judgment of conviction.

ROSE, J., dissenting:

The district court realized the impropriety and damage that evidence of appellant Rice's prior criminal convictions would do to his defense. A motion in limine was granted precluding the State from making any reference to the fact that Rice was on parole when the alleged crimes were committed. This, of course, would include reference to parole and probation officers supervising Rice.

Once such an order is entered, the prosecution has the obligation to admonish his law enforcement witnesses not to mention that the defendant was being supervised by parole and probation officers, as well as not referring to it himself or attempting to elicit such testimony. Either the prosecutor in this case did not adequately warn the law enforcement witnesses, or the law enforcement witnesses deliberately ignored the warning.

The officer that responded to the burglary call was asked on the stand if she relayed the information over the radio about Rice's likely whereabouts. She answered, "No," and then volunteered

that what had happened was that when she had completed the crime report, "two Parole and Probation officers came to the apartment" and informed her of Rice's probable location. The defense raised the appropriate objection and requested a mistrial, on the grounds that the witness's response was a clear violation of the court's order. Later, a second officer stated that he went to the scene where the furniture was found "to assist the Parole and Probation officers," and that he entered the residence "when P&P invited [him] in." The defense attorney again objected and moved for a mistrial, which the court denied.

These statements unquestionably violated the district court's order. Therefore, in order to affirm this conviction, we must be convinced that these errors were harmless beyond a reasonable doubt. *See* Chapman v. California, 386 U.S. 18 (1967).

Rice was charged with grand larceny and possession of stolen property. He was accused of stealing and having in his possession furniture and personal items belonging to his roommate, which Rice moved to another location while the roommate was out of town. Rice's defense was that he was not stealing anything and that he had moved all of the furniture when he was forced to move from the apartment. The jury convicted Rice of possession of stolen property but acquitted him on the charge of grand larceny.

This was a reasonably close case, depending largely on the credibility of the accused. *See* Big Pond v. State, 101 Nev. 1, 692 P.2d 1288 (1985). The fact that Rice was on parole and obviously had committed other crimes may have undermined the credibility of his defense and led some jurors to return a conviction on one of the two counts. Accordingly, I would reverse and remand this case for a new trial.