# IN THE SUPREME COURT OF THE STATE OF NEVADA

CEASAR SANCHAZ VALENCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75282

FILED

APR 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of assault on a protected person with use of a deadly weapon, trafficking in a controlled substance, ownership or possession of a firearm by a prohibited person, and two counts of possession of a controlled substance. Eighth Judicial District Court, Clark County; Mark B. Bailus, Judge. Valencia raises two contentions on appeal.[1]

Valencia first argues that the district court erred by denying his request to represent himself. Although the Sixth Amendment of the United States Constitution guarantees a defendant the right to self-representation, *Faretta v. California*, 422 U.S. 806, 819-20 (1975), a district court may deny a self-representation request that is "untimely, equivocal, or made for the purpose of delay." *Watson v. State*, 130 Nev. 764, 782, 335 P.3d 157, 170 (2014). A district court's decision to deny a motion for self-representation is reviewed for an abuse of discretion. *See Vanisi v. State*, 117 Nev. 330, 340-41, 22 P.3d 1164, 1171 (2001).

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

*19-16057*

Valencia argues that he "clearly and unequivocally requested to exercise his constitutional right to represent himself," yet the record shows his requests, for the most part, were for a different attorney, not self-representation. After granting Valencia's first request for alternate counsel, the district court brought up self-representation during a subsequent hearing, where Valencia was, again, requesting alternate counsel. At that hearing, the district court advised Valencia that his right to counsel did not include counsel of his choice and thus told Valencia that he could represent himself if he was unhappy with his options. There were occasions where Valencia expressed a desire to represent himself, but they were sandwiched between shifting requests for alternate counsel, "co-counsel," and an investigator.

Even at the hearing when Valencia was *Faretta*-canvassed, he vacillated between telling the court that he wished to represent himself, requesting a new attorney, and asking if there was any "going back" once he made his decision on self-representation. *See Stenson v. Lambert*, 504 F.3d 873, 883 (9th Cir. 2007) (analyzing whether a self-representation request was equivocal by reviewing "the record as whole"). The record here supports that Valencia's requests mainly consisted of his frustration with his lack of resources to prepare his defense, unhappiness with his counsel, and his belief that the State was withholding discovery, as opposed to a clear request to represent himself. *See Gallego v. State*, 117 Nev. 348, 360, 23 P.3d 227, 235-36 (2001) (reiterating that an unequivocal request for self-representation can be conditional but still "must speak to self-representation and not simply to a dissatisfaction with current counsel"), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011); *see also Brewer v. Williams*, 430 U.S. 387, 404 (1977) (concluding

that because a defendant's self-representation motion involves the mutually exclusive constitutional rights to either be represented by counsel or not, a court must "indulge in every reasonable presumption against [a defendant's] waiver" of his right to counsel); *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989) ("Because a defendant normally gives up more than he gains when he elects self-representation, we must be reasonably certain that he in fact wishes to represent himself.").

The district court could have better articulated the basis for denying Valencia's final request to discharge counsel, beyond stating that he "waived" the right to represent himself. Indeed Valencia's actions subsequent to the *Faretta* canvass included seeking to have co-counsel appointed, accepting the reappointment of counsel, and waiving the previously granted right to self-representation. Nonetheless, we conclude that it was not an abuse of discretion to deny Valencia's self-representation request since the record as a whole demonstrates Valencia did not make an unequivocal request to represent himself. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (recognizing that a correct result will not be reversed simply because it is based on the wrong reasoning).

Second, Valencia argues that the district court abused its discretion by denying his motion for a mistrial after the State elicited previously excluded prejudicial evidence. The evidence at issue was an officer's testimony that Valencia was an ex-felon. Before the officer's testimony, the parties and district court took several measures to redact any reference to Valencia's felon status on the exhibits and pleadings, including bifurcating the charge of possession of a firearm by a prohibited person. Nonetheless, the officer testified that one of Valencia's charges was "ex-felon in possession of firearm," in response to the State asking him to

read from the front of the evidence bag containing the firearm for chain of custody purposes. When Valencia failed to object, the district court intervened and took a recess to discuss the situation with the parties outside of the jury's presence. Valencia moved for a mistrial, which the district court denied noting that Valencia failed to initially object to the testimony, the bag had already been admitted without objection, and it was a passing comment that would not be permitted to be expanded on or argued in closing. In an effort to not draw further attention to the testimony, Valencia refused the district court's offer to give a curative instruction, but did ask the court to not send the bag back with the jury to review as an exhibit, which was granted.

A defendant's motion for mistrial may be granted where prejudice has denied the defendant a fair trial. *Rudin v. State*, 120 Nev. 121, 144, 86 P.3d 572, 587 (2004). However, "[t]he trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion." *Id.* at 142, 86 P.3d at 586. Where the district court denies a defendant's motion for a mistrial based upon prejudicial testimony solicited by the prosecutor, this court reviews for harmless error, *Parker v. State*, 109 Nev. 383, 389, 849 P.2d 1062, 1066 (1993), which will be found "where the prejudicial effect of the statement is not strong and where there is otherwise strong evidence of defendant's guilt." *Id.*

Here, the record supports that Valencia was not denied a fair trial as the evidence bag that the officer read from had already been admitted without objection from Valencia and neither the State nor Valencia realized it contained the ex-felon language. Further, the district court offered to issue a contemporaneous curative instruction, which

Valencia declined. Accordingly, the district court properly found that the prejudicial effect was minimal as the ex-felon testimony was a passing comment that the district court did not permit to be expounded on. Additionally, strong evidence supported Valencia's convictions, including multiple eyewitnesses and evidence found on his person. Therefore, we conclude that the district court did not abuse its discretion in denying Valencia's motion for a mistrial and that, nevertheless, any error would be deemed harmless. *See Rice v. State*, 108 Nev. 43, 44, 824 P.2d 281, 282 (1992) (concluding that an error was harmless beyond a reasonable doubt where the defendant refused a curative instruction after jury heard inadvertent and unsolicited trial references that indicated he had engaged in prior criminal activity). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc: Hon. Mark B. Bailus, District Judge
Coyer Law Office
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk