# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL KEITH WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77178

**FILED**

FEB 0 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping resulting in substantial bodily harm and two counts of battery. Eighth Judicial District Court, Clark County; David M. Jones, Judge. Appellant Michael Williams raises several issues on appeal.

*Fair-cross-section challenge*

Williams argues that the district court erred by denying his fair-cross-section challenge to the jury venire. We disagree. Williams failed to allege sufficient facts that the claimed underrepresentation was "due to systematic exclusion of the group in the jury-selection process." *Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005) (internal quotation marks and emphasis omitted). Thus, Williams failed to establish a prima facie violation of his fair-cross-section right, and the district court did not err by denying his challenge. *See id.* (discussing the factors to show a prima facie violation of the fair-cross-section requirement). Moreover, Williams failed to make sufficient factual allegations to warrant an evidentiary hearing on the issue. *See Valentine v. State*, 135 Nev., Adv. Op. 62 at 6 (2019) ("[I]t makes no sense to hold an evidentiary hearing if the defendant makes only

20-04988

general allegations that are not sufficient to demonstrate a prima facie violation.").

*Kidnapping conviction*

Next, Williams argues that insufficient evidence supports his kidnapping conviction because the State failed to prove that he had the intent to kill or substantially injure the victim.[1] We disagree. When reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). A jury's verdict will not be disturbed on appeal where, as in this case, sufficient evidence supports it. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Here, Williams seized the seated victim from inside an apartment and dragged her to the front area of an apartment complex. Williams began physically beating the victim. During this battering, a witness heard Williams's sister direct him to hold the victim. Williams held the victim as his sister threw hot grease onto the victim causing severe burns. The jury heard testimony from several witnesses to the incident, including Williams, his sister, the victim, and another eyewitness. The

---

[1]In support, Williams cites authority that discusses the sufficiency of the indictment. *See, e.g., Barren v. State*, 99 Nev. 661, 665-68, 669 P.2d 725, 727-29 (1983). To the extent Williams challenges the sufficiency of the indictment, we decline to consider the issue because he has not adequately presented the argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

witnesses offered differing versions of the incident. However, this court has repeatedly held that "whenever conflicting testimony is presented, it is for the jury to determine what weight and credibility to give to that testimony." *Allen v. State*, 99 Nev. 485, 487, 665 P.2d 238, 240 (1983). The jury could reasonably have found that Williams seized and carried away the victim for the purpose of inflicting substantial bodily harm, and the victim suffered substantial bodily harm while detained by Williams. Therefore, we conclude a rational trier of fact could have found the essential elements of first-degree kidnapping resulting in substantial bodily harm. *See* NRS 0.060; NRS 200.310; NRS 200.320.

Williams also argues that the kidnapping jury instruction misstated the law. We disagree. Because Williams failed to object to the kidnapping instruction, only discretionary plain error review applies. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). After reviewing the record, we discern no plain error; therefore, this claim fails. *See* NRS 178.602 (plain error rule); *see also Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (a plain error must be "clear under current law from a casual inspection of the record"), *cert. denied*, 139 S. Ct. 415 (2018).

*Exclusion of evidence*

Next, Williams argues the district court erred by excluding a witness's judgment of conviction. We disagree. This court reviews "a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Because the witness candidly admitted to the conviction, we conclude the district court did not abuse its discretion by excluding the judgment of conviction as cumulative. *See Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or

reason."); *see also* NRS 48.035(2) (providing that relevant evidence may be excluded when cumulative).

*Motion for a mistrial*

Williams next argues that a mistrial was warranted because the district court elicited prejudicial testimony from a witness.[2] The district court may grant a mistrial when some prejudice prevents the defendant from receiving a fair trial. *Rudin v. State*, 120 Nev. 121, 144, 86 P.3d 572, 587 (2004). However, "[t]he trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion." *Id.* at 142, 86 P.3d at 586. Here, during cross-examination, Williams questioned a witness about her potential bias. The witness testified that she believed Williams committed an unrelated crime for which her son had been convicted—despite learning that Williams had been in custody when the crime was committed. Williams moved to strike the statement about his prior custodial status. Without ruling on the motion, the district court began examining the witness to clarify how the witness learned of Williams's prior custodial status. Williams subsequently moved for a mistrial, which was denied.

NRS 50.145(2) affords a judge discretion to question a witness but the judge must not "become an advocate for either party." *Azbill v. State*, 88 Nev. 240, 249, 495 P.2d 1064, 1070 (1972). Absent the district court's intrusion, Williams may have chosen to abandon his precarious line of questioning or adopt a different tack. Thus, we disapprove of the district court's unnecessary interjection in this case, but conclude the testimony did not warrant a mistrial. Improper references to a defendant's prior criminal

---

[2]We have considered Williams's other claimed grounds for a mistrial and conclude they lack merit.

history are reviewed for harmless error, *Rice v. State*, 108 Nev. 43, 44, 824 P.2d 281, 282 (1992), which will be found "where the prejudicial effect of the statement is not strong and where there is other strong evidence of defendant's guilt." *Parker v. State*, 109 Nev. 383, 389, 849 P.2d 1062, 1066 (1993).

In this case, any prejudicial effect of the testimony dwindled when Williams took the stand and admitted to his prior convictions. Further, strong evidence supports Williams's guilt, including eyewitness testimony and Williams's admission that he assaulted the victim. Therefore, we conclude any error in questioning the witness was harmless such that the district court did not abuse its discretion in denying the motion for a mistrial.

*Judicial bias*

Williams next argues the district court demonstrated bias against the defense. Reversal is warranted if the district court's actions prejudiced Williams's right to a fair trial. *Oade v. State*, 114 Nev. 619, 624, 960 P.2d 336, 339-40 (1998). Williams cites several comments and admonishments by the district court during the examination of witnesses and ending argument after making evidentiary rulings. The record does not show these instances amount to bias or misconduct on the part of the district court that prejudiced Williams's right to a fair trial. *See Rudin*, 120 Nev. at 140, 86 P.3d at 584 (noting that district courts must balance protecting a defendant's right to a fair trial with the obligation to manage the practical concerns of the courtroom). Therefore, we conclude no relief is warranted on this claim.

*Speedy trial rights*

Next, Williams argues the district court erred by denying his motion to dismiss based on a violation of his statutory right to a speedy trial,

and on appeal, Williams also contends his constitutional right to a speedy trial was violated. We disagree. A district court's decision whether to dismiss based on a statutory speedy trial violation under NRS 178.556(1) is reviewed for an abuse of discretion. *State v. Craig*, 87 Nev. 199, 200, 484 P.2d 719, 719 (1971).

Here, approximately two years elapsed between the initial arraignment and trial. The district court denied Williams's motion to dismiss, finding that Williams caused nearly every trial delay. The record shows that continuances were granted for reasons that include: defense counsel's schedule, proceedings to determine Williams's competency in this matter and another case, Williams's physical health, and Williams's request for different appointed counsel. Continuances resulting from an unavailable prosecution witness and the district court's calendar resulted in only minor delays.[3] Thus, the record supports the district court's conclusion, and we conclude the district court did not abuse its discretion.[4]

---

[3]Under the facts of this case, we are unpersuaded by Williams's argument that the prosecution seeking superseding indictments amounted to "anomalous procedures" that forced the defense to request continuances and that those delays should be attributed to the State. *Cf. Broadhead v. Sheriff*, 87 Nev. 219, 223, 484 P.2d 1092, 1094 (1971) (describing the prosecution's tactics as "anomalous" where no "reasonable effort was made to afford appellant a speedy trial").

[4]Appellant's appendix contains the court minutes from June 2, 2016 through the July 16, 2018 jury trial; however, the record does not contain the corresponding transcripts of hearings held before December 12, 2017. Court minutes do not provide the full context of the proceedings necessary for appellate review of pretrial delay. *See Thomas v. State*, 120 Nev. 37, 43 n.4, 83 P.3d 818, 822 n.4 ("Appellant has the ultimate responsibility to provide this court with 'portions of the record essential to determination of issues raised in appellant's appeal'" (quoting NRAP 30(b)(3))); *see also*

*See Bates v. State*, 84 Nev. 43, 46, 436 P.2d 27, 29 (1968) (where procedural delays are either ordered for good cause or the result of the defendant's actions the defendant's right to a speedy trial is not violated).

Further, we conclude Williams's constitutional right to a speedy was not violated. When reviewing an alleged violation of the constitutional right to speedy trial, "[t]he court should consider the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Middleton v. State*, 114 Nev. 1089, 1110, 968 P.2d 296, 310 (1998) (internal citations omitted). While the length of delay warrants further inquiry, as discussed above, Williams is responsible for all but a modicum of the delay. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[D]elay caused by the defendant's counsel is also charged against the defendant."); *Furbay v. State*, 116 Nev. 481, 485, 998 P.2d 553, 555-56 (2000) (concluding a five-and-one-half-year delay between arrest and trial did not violate the defendant's constitutional speedy trial right where "all but one of the [nine] continuances were for good cause or were occasioned by defense motions or tactics"). Williams invoked his speedy trial rights when arraigned on each superseding indictment; however, the record does not show that the State's actions prejudiced Williams. Therefore, we conclude no relief is warranted for this claim.

*Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) ("[T]he missing portions of the record are presumed to support the district court's decision."), *rev'd on other grounds by Riggins v. Nevada*, 504 U.S. 127 (1992).

*Cumulative error*

Finally, Williams argues that cumulative error requires reversal. We disagree. At most Williams has shown one error, "and one error cannot cumulate." *Carroll v. State*, 132 Nev. 269, 287, 371 P.3d 1023, 1035 (2016). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[5]

_____, C.J.
Pickering

_____, J.
Hardesty

_____, Sr. J.
Douglas

cc:    Hon. David M. Jones, District Judge
       Special Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.