# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN EAGLES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78606

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant argues the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

20-23458

Appellant argues his counsel should have opposed the State's motion to consolidate his case with that of his codefendant. Appellant has not demonstrated deficient performance or prejudice. Appellant first mistakenly frames his argument as improper joinder pursuant to NRS 173.115 (describing joinder of offenses). Appellant's case was joined with his codefendant's case pursuant to NRS 173.135, which permits joinder when defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Because the cases involve the same attack and robbery of the victim, an opposition to the motion to consolidate based on improper joinder would have been futile. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims.").

Appellant has further not demonstrated that an argument of prejudicial joinder would have been successful because appellant has failed to demonstrate "a substantial and injurious effect on the verdict." *Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002); *see also* NRS 174.165(1) ("If it appears that a defendant or the State of Nevada is prejudiced by a joinder of . . . defendants in an indictment or information, or by such joinder for trial together, the court may . . . grant a severance of defendants or provide whatever other relief justice requires."). Appellant's bare statement that the defenses were conflicting or irreconcilable falls far short of demonstrating a conflict, let alone a conflict that "'prevent[ed] the jury from making a reliable judgment about guilt or innocence.'" *See Marshall*, 118 Nev. at 647, 56 P.3d at 379 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Evidence of the purported drug transaction between appellant and the codefendant would have been admissible in a separate trial because

it was relevant to the count of conspiracy to commit robbery as well as the State's theory that appellant and codefendant conspired to beat the victim. *See id.* (recognizing that it is not prejudicial to introduce evidence that would be admissible against the defendant at a separate trial); *see also* NRS 48.015 ("'[R]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."). Regarding the codefendant's alleged confession to the bartender and others, appellant has not presented a cogent argument that this affected a specific trial right or led to an unreliable verdict; indeed, appellant has not identified any specific trial right.[1] *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."); *Marshall*, 118 Nev. at 647, 56 P.3d at 379. The State presented sufficient evidence as to each defendant, and the evidence presented against appellant was substantial, including video of the attack and testimony identifying appellant's involvement in the attack and robbery of the victim.[2] *See Marshall*, 118 Nev. at 647, 56 P.3d at 379

---

[1]Citation to cases broadly stating that a defendant has a right to a fair trial is insufficient to demonstrate a specific trial right was compromised by a joint trial.

[2]We note that appellant has not provided this court with a copy of the video or still photos admitted at trial. *See* NRAP 30(d) (providing that a party may move to have the district court clerk transmit original exhibits that are necessary and relevant to the issues raised on appeal); *see also Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) ("[T]he missing portions of the record are presumed to support the district court's decision."), *rev'd on other grounds by Riggins v. Nevada*, 504 U.S. 127 (1992); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The

(observing that joinder was not prejudicial where sufficient evidence was presented for each of the defendants). Under these circumstances, appellant has not demonstrated a reasonable probability of a different outcome had trial counsel opposed the motion to consolidate or further challenged joinder during the trial proceedings. Therefore, the district court did not err in denying this claim.[3]

Next, appellant argues trial counsel was ineffective in the cross-examination of A. Bacon. Appellant has not demonstrated deficient performance or prejudice. The witness's first mention of the damaged car window was a non-responsive answer to a question posed by trial counsel. *See Rice v. State*, 108 Nev. 43, 44, 824 P.2d 281, 282 (1992) (determining a witness's reference to a prior bad act was harmless when the statement was unsolicited and inadvertent). Trial counsel questioned the witness further about the window and argued bias and misidentification during closing based upon appellant's prior history with the manager M. Laird and Bacon,

---

burden to make a proper appellate record rests on appellant."). Accordingly, we have relied on the testimony describing the video in evaluating the district court's determination on the prejudice-prong of *Strickland*, but note that appellant's failure to provide the video seriously diminishes his argument that the court erred in determining that there was no prejudice. Appellant has further not provided this court with copies of the jury instructions so it is unclear whether the jury instructions addressed the limited admissibility of the codefendant's statement. NRAP 30(b). As noted above, this lack of clarity weighs against appellant's argument that trial counsel was ineffective for failing to seek a limiting instruction.

[3]Appellant's argument that there was insufficient evidence of a drug transaction between himself and the codefendant is waived as appellant has not demonstrated good cause or prejudice for his failure to raise the claim on direct appeal. *See* NRS 34.810(1)(b), (3).

the bartender at the location of the crime. Strategic decisions are virtually unchallengeable absent extraordinary circumstances, and appellant has not demonstrated any such circumstances here. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996). Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant argues that trial counsel should have objected to the admissibility of a drug transaction as impermissible res gestae evidence. Appellant has not demonstrated deficient performance or prejudice. The State argued at trial that the drug transaction between appellant and the codefendant right after the attack on the victim was a payment from the codefendant to appellant for beating and robbing the victim.[4] This evidence, which showed an agreement between the parties, was properly admitted as it was relevant to the conspiracy count and the State's theories of liability for the battery (that the batteries were directly committed by the defendants, that the defendants aided and abetted one another with specific intent, and/or the defendants conspired to commit the crimes with specific intent). *See* NRS 48.035(3); *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005) ("[A] witness may only testify to another uncharged act or crime if it is so closely related to the act in controversy that the witness cannot describe the act without referring to the other uncharged act or crime."); *Payne v. State*, 81 Nev. 503, 507, 406 P.2d 922, 925 (1965) (recognizing that res gestae includes "'matters . . . immediately following [the offense] and so closely connected with it as to form in reality

---

[4]Although appellant tries to limit the relevance of this evidence as "identification" evidence, the record does not support his assertion that the State argued the drug transaction as "identification" evidence.

a part of the occurrence.'") (quoting *State v. Fouquette*, 67 Nev. 505, 528, 221 P.2d 404, 416 (1950)). Therefore, the district court did not err in denying this claim.[5] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Linda Marie Bell, Chief District Judge
Eighth Judicial District Court Dept. 8
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[5]In light of the above discussion, we need not reach the issue of whether the district court properly applied the doctrine of the law of the case to this claim based on resolution of a similar claim in codefendant's direct appeal.